***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Stanback and the briefs and arguments of the parties. The Defendant has shown good grounds to reconsider the evidence. Accordingly, the Full Commission reverses the Opinion and Award of the Deputy Commissioner and enters the following Opinion and Award.
 ***********
The Full Commission finds as a fact and concludes as a matter of law the following, which were entered into by the parties as:
 STIPULATIONS
1. All parties were properly before Deputy Commissioner Stanback and the Industrial Commission has jurisdiction over the parties and of the subject matter. *Page 2 
2. All parties have been correctly designated, and there is no question as to misjoinder or nonjoinder of parties.
3. The parties were subject to the North Carolina Worker's Compensation Act at the time of the alleged injury.
4. An employer/employee relationship existed between the parties at the time of the alleged injury.
5. The employer in this case is Wake County Public Schools who is self insured and Key Risk Management Services is the servicing agent.
6. The employee was bit by a student on or about July 13, 2009, when he was involved in a confrontation with a student on a school bus which he was assigned by the employer.
7. The employee was paid the entire day of his July 13, 2009 accident.
8. The employee is still employed with the employer.
9. The employee's average weekly wage will be determined from an IC Form 22 Wage Chart to be provided by the employer/carrier at the time of the hearing before the Deputy Commissioner.
10. Documents stipulated into evidence before the Deputy Commissioner include the following:
 a. Stipulated Exhibit #1 — Pre-Trial Agreement
 b. Stipulated Exhibit #2 — Plaintiff's medical records, Industrial Commission Forms, Discovery Responses
 *********** *Page 3 
As set forth in the Pre-Trial Agreement and Deputy Commissioner Stanback's March 2, 2011 Opinion and Award, the Full Commission addresses the following:
 ISSUES
1. Whether the employee sustained a compensable injury by accident to his right shoulder and neck as a result of his July 13, 2009 accident, and if so, to what benefits is he entitled?
2. Whether the employee's current complaints of pain in his neck and shoulder are causally related to the incident on July 13, 2009, and if so, to what benefits is he entitled?
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. On the date of the hearing before the Deputy Commissioner, Plaintiff was 76 years old and resided in Raleigh, North Carolina. Plaintiff had completed the 11th grade in school.
2. Plaintiff began working as a School Bus Monitor with Defendant-Employer as of August 20, 2004. Plaintiff's duties as a Bus Monitor included making sure the students were in their seats at all times and to ensure their safety. Plaintiff earned $1,000.00 per month prior to his injury with Defendant-Employer.
3. On July 13, 2009, Plaintiff was performing his duties as a Bus Monitor when he got into an altercation with an approximately eighteen (18) year old student; and while trying to attempt to get her to sit down they began "tussling." During this altercation, the student grabbed Plaintiff's right arm and bit Plaintiff's right arm. During the altercation, Plaintiff had a difficult time trying to restrain the student. *Page 4 
4. Following this incident, Plaintiff was directed by Defendant-Employer for treatment with Duke Raleigh Hospital. Plaintiff presented on the same date of the incident, July 13, 2009, where it was noted Plaintiff was bitten by a student on the right arm and was having pain in his right shoulder. The note from the initial visit on July 13, 2009, has no indication that Plaintiff made any complaints of neck pain. The note also indicates that a routine physical exam of Plaintiff's neck was conducted with findings of "non-tender" and a "painless" range of motion.
5. Following the July 13, 2009 incident, Plaintiff alleges ongoing pain and symptoms in the right side of his neck and right arm, including problems laying on his right side, difficulty turning his neck to the right side while driving, and difficulty lifting objects with his right arm. Plaintiff further alleges his neck pain sometimes radiates down into his arm and hands, and he sometimes experiences tingling in his right hand.
6. Plaintiff had no prior problems or injuries to his neck prior to the July 13, 2009 incident.
7. Plaintiff was seen by his primary care physician, Dr. Troy Anderson, at Neuse Valley Internal Medicine, on September 9, 2009. On this date, Dr. Anderson noted Plaintiff's neck complaints and diagnosed him with a neck strain as a result of the July 13, 2009 incident.
8. Based upon his evaluation of Plaintiff, Dr. Anderson recommended two weeks of physical therapy for Plaintiff's neck strain. Plaintiff underwent a month of physical therapy.
9. Dr. Anderson indicated that following his September 9, 2009 diagnosis of a neck strain, Plaintiff's treatment at that point was to be handled by the physical therapist, but that he would be glad to see Plaintiff back at his facility.
10. Dr. Anderson also examined Plaintiff on July 27, 2009, and August 12, 2009, and testified that Plaintiff did not have any complaints of neck, arm, or shoulder pain during either of *Page 5 
those examinations. It was not until Plaintiff's September 9, 2009 appointment, approximately eight weeks after the July 13, 2009 incident, that Plaintiff made his first complaints of neck or shoulder pain to a physician. Furthermore, Dr. Anderson testified that Plaintiff made no further neck pain complaints to him following the September 9, 2009 office visit; Plaintiff having returned for office visits on September 29, October 7, and November 13, 2009.
11. Dr. Anderson's September 9, 2009 note indicated Plaintiff's injury to his neck had occurred two to three weeks prior. Dr. Anderson testified that the reason he indicated Plaintiff's injury had occurred two to three weeks prior was because he was under the impression that the event was much more recent.
12. Dr. Anderson testified that Plaintiff had indicated to him that his neck pain had started at the time of the incident and then had just continued.
13. Dr. Anderson acknowledged that Plaintiff's neck complaints appear to have changed from the time of Plaintiff's initial visit to the emergency room and his September 9, 2009 examination of Plaintiff.
14. Dr. Anderson testified to a reasonable degree of medical certainty that Plaintiff's neck strain was a result of the July 13, 2009 incident. Dr. Anderson further testified that his causation opinion was based upon the history given to him by Plaintiff, which included Plaintiff having been injured two or three weeks before the September 9, 2009 examination, and that Plaintiff had continued ongoing problems with his neck since the July 13, 2009 incident.
15. Dr. Anderson nevertheless remained committed to his opinion that Plaintiff's July 13, 2009 altercation with the student on the bus was the cause of the neck strain which Dr. Anderson diagnosed. However, Dr. Anderson qualified his opinion that it was based on the history given to him by Plaintiff. The Full Commission finds that Dr. Anderson's causation *Page 6 
opinion was based solely on the history given to him by Plaintiff. The Full Commission further finds that the history given to Dr. Anderson was not credible when viewed in light of the entirety of the competent medical evidence, and therefore the Full Commission gives his opinion no weight.
16. Following Plaintiff's July 13, 2009 altercation with the student on the bus, Plaintiff continued to work in his pre-injury position with Defendant-Employer.
17. Plaintiff's claim for benefits for his cervical spine injury was denied by Defendant.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. In a workers' compensation claim, the employee has the burden of proving that his claim is compensable. Henry v. A.C. LawrenceLeather Co., 231 N.C. 477, 479, 57 S.E.2d 760, 761 (1950). Plaintiff bears the burden of proving each and every element of compensability, including causation. Whitfield v. Laboratory Corp.of America, 158 N.C. App. 341, 581 S.E.2d 778 (2003).
2. There is insufficient evidence of record upon which to conclude that Plaintiff's cervical or right shoulder symptoms were the direct and proximate result of or causally related to the July 13, 2009 incident. N.C. Gen. Stat. § 97-2(6); Holley v.ACTS, Inc., 357 N.C. 228, 581 S.E.2d 750 (2003); Young v.Hickory Bus. Furn., 353 N.C. 227, 538 S.E.2d 912 (2000);Click v. Pilot Freight Carriers, Inc.,300 N.C. 164, 265 S.E. 2d 389 (1980). To establish causation, the evidence must rise above the level of mere speculation and conjecture. Holley v. ACTS, Inc.,357 N.C. 228, 231, 581 S.E.2d 750, 752 (2003). The medical evidence in this case does not establish *Page 7 
a causal connection between Plaintiff's cervical or right shoulder symptoms and the July 13, 2009 incident. Therefore, Plaintiff has failed to prove by a preponderance of the competent evidence that the incident on July 13, 2009, caused or aggravated his cervical or right shoulder symptoms. Accordingly, Plaintiff's claim must be denied. N.C. Gen. Stat. § 97-2(6).
 ***********
Based upon the foregoing stipulations, findings of fact, and conclusions of law the Full Commission makes the following:
 ORDER
1. Under the law, plaintiff's claim must be, and is hereby, DENIED.
2. Each side shall bear its own costs.
This the 30th day of August, 2011.
 S/___________________ DANNY LEE McDONALD COMMISSIONER
CONCURRING:
 S/___________________ STACI T. MEYER COMMISSIONER
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER *Page 1